

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   Main:   (503) 727-1000
*Portland, OR 97204-2902*            Desk:   (503) 727-1012
                                      Fax:    (503) 727-1105
                                      E-mail: Steve.Peifer@usdoj.gov

*Stephen F. Peifer*
*Assistant United States Attorney*

November 13, 2013

Patrick J. Ehlers
Assistant Federal Public Defender
Federal Public Defender's Office
101 SW Main, Suite 1700
Portland, OR 97204

    Re:    *United States v. Sergey Yefimovich Turzhanskiy,* Case No. 3:12-CR-00645-HZ
            Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to Count 2 of the indictment, which charges the crime of possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5845, 5861(d) and 5871.   Upon sentencing, the USAO will move for dismissal of Count 1.

3.     **Penalties**:  The maximum sentence is 10 years' imprisonment, a fine of $250,000, two to three years of supervised release, a $100 fee assessment, and mandatory restitution.

4.     **Sentencing Factors**:  The parties agree that the court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

5.     **Acceptance of Responsibility**:  Defendant must demonstrate to the court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new violation of law, obstructs or attempts to obstruct justice as

Revised 02/03/10

Patrick J. Ehlers
Re: U.S. v. Sergey Yefimovich Turzhanskiy
November 13, 2013
Page 2

---

explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

6.   **Parties' Agreed Sentencing Recommendation**:   If defendant qualifies for the acceptance of responsibility adjustment described in paragraph 5 above and meets all other conditions of this agreement, the USAO and defendant will jointly recommend a sentence of 30 months in custody, under the sentencing factors of 18 U.S.C. § 3553(a).

7.   **Waiver of Appeal/Post-Conviction Relief**:   Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:   (1) the sentence imposed exceeds the statutory maximum, or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.   Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

8.   **Court Not Bound**:   The court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations of the parties.

9.   **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

10.   **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or commits any new violations of law between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

/ / / /

/ / / /

/ / / /

/ / / /

Patrick J. Ehlers
Re: U.S. v. Sergey Yefimovich Turzhanskiy
November 13, 2013
Page 3

_____

11.  **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

STEPHEN F. PEIFER
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

12/16/13
Date

SERGEY YEFIMOVICH TURZHANSKIY,
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/16/13
Date

PATRICK J. EHLERS
Attorney for Defendant